**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RYAN RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-0244-CVE-JFJ |
| | ) | |
| PAT CURRY, individually, and | ) | |
| d/b/a EAST CENTRAL PAWN 2 LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION AND ORDER</u>

Now before the court are a complaint (Dkt. # 2) and motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Dkt. # 3) filed by plaintiff Ryan Russell.   Having reviewed plaintiff's complaint, the Court finds that plaintiff fails to show that the Court has subject-matter jurisdiction.  As the Court must dismiss a case once it determines that it lacks subject-matter jurisdiction, the Court dismisses plaintiff's complaint, and it finds that plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is moot.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction.  <u>Merida Delgado v. Gonzalez</u>, 428 F.3d 916, 919 (10th Cir. 2005); <u>Penteco Corp. v. Union Gas Sys., Inc.</u>, 929 F.2d 1519, 1521 (10th Cir. 1991).  Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject-matter jurisdiction.  <u>McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.</u>, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); <u>Montoya v. Chao</u>, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  Regardless of whether a litigant raises the issue of jurisdiction, the Court has an obligation to consider whether subject-matter jurisdiction exists.  FED. R. CIV. P. 12(h)(3).  As the Supreme Court has stated and the Tenth Circuit has reiterated, federal courts have

"'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may <u>sua</u> <u>sponte</u> raise the question of whether there is subject matter jurisdiction 'at any state of the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006)).  Here, plaintiff proceeds <u>pro</u> <u>se</u>, and, as is required by both Supreme Court and Tenth Circuit precedent, the Court must liberally construe his pleadings when considering the allegations contained in his complaint.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Gaines v. Stenseng</u>, 292 F.3d 1222, 1224 (10th Cir. 2002).  Although the Court must hold a <u>pro</u> <u>se</u> plaintiff's pleadings to a less stringent standard than those drafted by lawyers, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff asserts that the basis for jurisdiction is a federal question, under 28 U.S.C. § 1331, because plaintiff alleges that defendant had "unauthorized access to a federal system—[his] Social Security Administration (SSA) online account—which is governed by federal law."  Dkt. # 2, at 1. Plaintiff additionally claims that the Court has supplemental jurisdiction as to "related state-law claims, including breach of contract, conversion, negligence, and interference with access to legal remedies" under 28 U.S.C. § 1367.  <u>Id.</u>  Plaintiff's claims derive from a pawn transaction, in which plaintiff provided defendant with his "REAL ID driver's license and Social Security card," which defendant returned to plaintiff three months later.  <u>Id.</u> at 3.  Plaintiff alleges that while defendant was in possession of his REAL ID and Social Security Card, his "Social Security Administration (SSA) account was accessed by an unauthorized device."  <u>Id.</u>  Although plaintiff states that this Court's jurisdiction is based on a federal question, he fails to identify any legal authority, such as a

2

constitutional or federal statutory provision, under which his claim arises.  Per the "well-pleaded complaint rule . . . federal jurisdiction only exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint."  Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  It is the plaintiff's burden to identify "the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."  Martinez v. U.S. Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986).  Plaintiff's allegations—that defendant took possession of plaintiff's identification and Social Security card and might have accessed plaintiff's Social Security account—are insufficient to meet the well-pleaded complaint rule, and it is unclear how plaintiff's alleged actions could comprise a viable cause of action.  At this stage, plaintiff's allegations as to the existence of federal question jurisdiction are "too insubstantial for consideration" even under the liberal pleading standard afforded to plaintiff as a litigant proceeding pro se.  Martinez, 802 F.2d at 1280 (quoting Hagans v. Lavine, 415 U.S. 528, 539 (1974)).

Nor does plaintiff allege that complete diversity of citizenship exists among the parties for the Court to exercise jurisdiction under 28 U.S.C. § 1332(a).  McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008).  Plaintiff, a citizen of Oklahoma, styles his case as against Pat Curry, individually, and against Pat Curry, doing business as East Central Pawn 2 LLC.[1]  Dkt. # 2, at 1.  Plaintiff alleges that defendant Pat Curry is a resident of Oklahoma, as well as "the owner/operator of East Central

---

[1] The Court notes that as a limited liability corporation, East Central Pawn 2, LLC "has a separate corporate existence and is treated separately from [its owner/operator] in the absence of circumstances justifying disregard of the corporate entity."  Benton v. Cameco Corp., 375 F.3d 1070, 1081 (10th Cir. 2004) (quoting Quarles v. Fuqua Indus., Inc., 504 F.2d 1358, 1362 (10th Cir. 1974)).  It is unclear whether Curry's activities could be imputed to East Central Pawn 2, LLC, or whether the reverse could be true.  As discussed below, the Court need not resolve this question, as neither Curry nor East Central Pawn 2, LLC meets the diversity requirements.

Pawn 2, LLC, located in Miami, Oklahoma." Id. For the purposes of diversity jurisdiction, East Central Pawn 2, LLC, as a limited liability corporation, is deemed a citizen of every state in which their members are domiciled. 28 U.S.C. § 1332(c); Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1237-38 (10th Cir. 2015). Given that Pat Curry is alleged to be a citizen of Oklahoma, so too must defendant East Central Pawn 2, LLC be considered a citizen of Oklahoma. Although plaintiff alleges that the amount in controversy is greater than $75,000, he fails to meet the complete diversity of citizenship requirement of § 1332(a), in that he identifies himself, Pat Curry, and East Central Pawn 2, LLC as citizens of Oklahoma. Dkt. # 2, at 1, 4. Because plaintiff has not met the pleading requirements for either federal question jurisdiction or diversity jurisdiction, the Court is left with no basis on which to conclude it has subject-matter jurisdiction, and it must therefore dismiss plaintiff's claims under Rule 12(h)(3).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **moot**.

**DATED** this 30th day of April, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE